IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-10463
Summary Calendar

LELAND JAMISON

Plaintiff - Appellant

V.

DRIVE TIME SALES AND FINANCE CORPORATION

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas, Dallas
Cause No. 3:06-CV-1851

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Leland Jamison was an employee of defendant-appellee Drive Time Sales and Finance Corporation. Both were parties to a Mutual Agreement to Arbitrate Claims, whereby the parties agreed "to arbitrate all past, present or future Claims" against each other. After defendant terminated plaintiff's employment, plaintiff instituted a partially successful arbitration

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding. The arbitrator granted plaintiff's claim for discriminatory discharge, denied his remaining claims, and awarded plaintiff nominal and punitive damages in the amount of $25,001. Defendant paid the award on July 20, 2006.

Not happy with partial success, plaintiff filed the instant lawsuit premised on the same facts and claims as the arbitration proceeding. The district court, recognizing that the claims were, or should have been, arbitrated, concluded that the claims were barred by res judicata, and dismissed them with prejudice. Alternatively, the court held that even if the claims were not barred by res judicata, they were nevertheless subject to dismissal because they were covered by the Mutual Agreement to Arbitrate Claims and would have to be arbitrated.

On appeal, plaintiff chronicles a number of allegedly race-based employment problems that beset him. But, as the district court correctly held, all those problems are based on "the same nucleus of operative facts" as the claims litigated in the arbitration proceeding, arose during the same time period as those claims, and involve the same players. The district court correctly concluded that the claims springing from those problems are barred by res judicata and that, even if they are not so barred, they would be subject to the arbitration requirement of the Mutual Agreement to Arbitrate Claims.

The judgment of the district court is AFFIRMED.